**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4913**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NOL JOHNSON, a/k/a Pookie,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:18-cr-00339-RDB-9)

Submitted: July 23, 2020                                        Decided: July 27, 2020

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed in part by and dismissed in part unpublished per curiam opinion.

Julie Marie Reamy, JULIE M. REAMY, ATTORNEY AT LAW, LLC, Baltimore, Maryland, for Appellant. Charles David Austin, Zachary Byrne Stendig, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nol Johnson appeals his conviction and 132-month sentence imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute fentanyl and aiding and abetting, in violation of 18 U.S.C. § 2 (2018), 21 U.S.C. § 846 (2018), pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Johnson's sentence is reasonable. Johnson did not file a pro se supplemental brief despite being notified of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Johnson's plea agreement. For the following reasons, we affirm in part and dismiss in part.

Appellate counsel questions whether Johnson's sentence is reasonable. Where, as here, the Government seeks to enforce an appeal waiver and Johnson has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Johnson does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our review of the plea hearing leads us to conclude that Johnson's guilty plea was knowing and voluntary, and the waiver is valid and enforceable. Johnson's challenge to the reasonableness of his sentence falls squarely within the waiver's scope, and we have thoroughly reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly,

2

we grant the Government's motion to dismiss Johnson's appeal of his sentence and affirm the remainder of the district court's judgment.

This court requires that counsel inform Johnson, in writing, of the right to petition the Supreme Court of the United States for further review. If Johnson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Johnson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, DISMISSED IN PART*

3